26 C.C.P.A. (Patents)

NOXON v. POTTS.

FRANKLIN v. SAME.

Patent Appeals, Nos. 4052, 4053.

Court of Customs and Patent Appeals.

March 27, 1939.

Eugene C. Brown, of Washington, D. C., for appellants.

E. W. Adams, of New York City (J. W. Schmied, of New York City, of counsel), for appellee.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

These are appeals from decisions of the Board of Appeals of the United States Patent Office affirming decisions of the Examiner of Interferences awarding priority to the party Potts. The cases were consolidated for the purpose of appeal to us and were briefed and argued together.

The subject matter involved may be described broadly as that of a device, or system, whereby messages are electrically transmitted. The systems of all the parties are quite complex, as will appear from counts hereinafter quoted. In both cases the principal issue stressed upon the merits is that respecting the operativeness of the Potts system, it being alleged by both Noxon and Franklin (assignors to Western Union Telegraph Company) that the Potts system (assigned to Western Electric Company) is inoperative.

The recital of certain pertinent history will, it is thought, conduce to clearness here.

On April 16, 1929, patent No. 1,708,954 was issued to Potts upon an application filed September 17, 1925. On April 10, 1931, an application was filed on behalf of Potts for the reissue of that patent. We understand that the principal purpose of seeking such reissue was to bring about certain interferences. At any rate it had that result, eleven interferences involving the Potts reissue application having been declared. These involved various parties, including appellants here, and in some of the cases different issues were presented.

Six of such cases have heretofore been determined by this court. In the cases of Duerr & Broyles v. Potts, 90 F.2d 117, 24 C.C.P.A., Patents, 1198, and Dirkes, Kimball & Long v. Potts, 90 F.2d 120, 24 C.C. P.A., Patents, 1236, the issues passed upon were not relevant to the issue now before us, but the issue as to the operativeness of the Potts system was before us in the consolidated cases of Creed et al. v. Potts (No. 3955), Salmon v. Potts (No. 3956), Bancroft v. Potts (No. 3957), and Griffith v. Potts (No. 3958), 96 F.2d 317, 25 C.C.P.A., Patents, 1084, and the issue was determined in Potts' favor.

In addition to the foregoing decisions there also has been a decision by us upon a motion made on behalf of appellants in the instant cases. Noxon v. Potts and Franklin v. Potts, 94 F.2d 388, 25 C.C.P.A., Patents, 859. That decision related to a motion by appellants for an order permitting the use in these cases of the evidence offered in the consolidated cases (appeal Nos. 3955, 3956, 3957, and 3958), supra. This was denied on February 7, 1938, for reasons stated and upon authorities cited in our decision. In the concluding part of our decision, we said: "In view of the fact that the evidence in interference No. 68,621, appeal No. 3955 and the appeals consolidated therewith, is not a proper part of the consolidated record in the instant appeals, it will not be considered in our determination of the issues presented by these appeals, nor will that part of the board's decision which is based thereon be considered."

On February 17, 1938, we denied a petition for reconsideration of our above decision.

Following our action on the petition, the consolidated brief on behalf of appellants relating to the merits of the cases was filed, the filing date thereof being April 6, 1938.

On April 23, 1938, the brief for appellee Potts was filed covering both cases. Accompanying this brief and bound with it was a motion to dismiss certain of the reasons of appeal in both cases on the ground that such reasons were based upon the record in the consolidated cases, appeals Nos. 3955, 3956, 3957, and 3958, supra, the right of whose use in the instant cases had been denied in our decision of February 7, 1938, supra. We deemed it proper to defer action on the motion and permit argument upon it in connection with the argument on the merits and this course was pursued.

We shall consider it first, and in its consideration both cases may be discussed together, inasmuch as the reasons of appeal are practically identical in each case, save that in appeal No. 4053 two of the reasons assigned in appeal No. 4052 are omitted.

Interference No. 68,623, involved in appeal No. 4052, is between the reissue application of Potts, serial No. 529,268, filed April 10, 1931, and a patent to Noxon, No. 1,917,195, issued July 4, 1933, upon an application filed December 18, 1931. Interference No. 68,624, involved in appeal No. 4053, is between the same Potts reissue application and a patent, No. 1,881,453, issued October 11, 1932, to Franklin upon an application, serial No. 554,552, filed August 1, 1931.

The decisions of the board from which the appeals now being considered were taken were both rendered July 31, 1937, and the notices of appeal, in which were embraced the reasons of appeal, were filed in the Patent Office September 15, 1937. The board had held it proper to consider, and had considered, certain testimony which we subsequently held in our decision of February 7, 1938, supra, should not have been considered. In its decisions it made reference to its prior decision in interference No. 68,621 involved in appeal No. 3955, Creed et al. v. Potts, supra, reciting that a copy of its latter decision had been filed in another case. Of this other case we have no knowledge, and the board's decision in interference No. 68,621 was not certified as a part of the instant record. Certain of the reasons of appeal in the instant case indicate that in the board's decision in interference No. 68,621 there was a rejection of, or a refusal to consider, some evidence which appellants thought should have been considered there, and, under their theory that the record in interference No. 68,621 could be used in the instant case, they sought to have that action reviewed here in our consideration of these cases.

■ The application of appellants for use of the record in interference No. 68,621, etc., was filed before us December 2, 1937. This was subsequent to the date (September 15, 1937) of their notices of appeal and after the cases had passed from the Patent Office jurisdiction. It was proper, indeed necessary, for them to include in

their reasons of appeal all reasons affecting all questions of which review was sought. Hence those reasons attacked by appellee in the motion to dismiss as to them were properly included at the time they were inserted. By our decision of February 7, 1938, many of these were, in effect, disposed of, and counsel for appellants concedes as much.

■■ It is not our practice formally to grant motions to dismiss grounds of appeal. Where not good we simply disregard them. No reason exists for departing from this practice in the instant case, and appellee's motion is denied, with the statement, however, that we adhere strictly to our decision rendered February 7, 1938, in the consolidated cases of Noxon v. Potts and Franklin v. Potts, supra. Of course, such reasons of appeal as relate to evidence which the board apparently excluded or refused to consider, in some cases not made a part of the record here, are meaningless to us and also will be disregarded.

■ With all the reasons of appeal which embrace those now immaterial eliminated from consideration, we have only a few reasons of appeal left. Such as are left, however, are deemed sufficient to raise the question of the alleged inoperativeness of the Potts system, but that question must be determined here solely on the basis of the disclosure in the Potts patent, and without any testimony on the question. Herein lies a distinction between the instant cases and the consolidated cases of Creed et al. v. Potts, supra. In each of those cases the question of inoperativeness was considered upon the disclosure in the light of the testimony taken upon that question. We there expressly found the Potts system to be operative, thus agreeing with the concurring decisions of the tribunals of the Patent Office, and a careful reading of our decision will disclose that it in effect rested both upon disclosure, standing alone, and upon disclosure considered in connection with the testimony concerning it. The counts of those interferences differed in phraseology from the counts of the instant cases, and appellants here are different from the appellants there. Consequently, the issue as to operativeness is not res adjudicata, but the doctrine of stare decisis is pertinent. Upon certain matters respecting inoperativeness the cases here appealed present nothing more in effect than a request for

reconsideration or retrial of the issues there decided, and such reconsideration or retrial is asked upon a record which, so far as it goes (testimony not being included), is the same, in its pertinent parts, as the record before us there. However, there are here presented, in the brief and oral argument of counsel for appellants, certain arguments respecting features which were not specifically discussed by us in those cases and these command our attention.

Practically all that we have recited so far applies to both of the appeals here consolidated. Indeed, practically all hereinafter said will apply to both but, as a matter of orderly procedure, we separate the cases at this point for formal adjudications.

### Appeal No. 4052—Interference No. 68,623.

This appeal embraces three counts numbered, respectively, 1, 2, and 3. Count 1 is illustrative of the subject matter and, to some extent, will indicate the complexities of the respective systems of Noxon and Potts. It reads: "1. In a telegraph system, a multiplex circuit terminating at a main station, a simplex circuit arranged for non-duplexed or single line operation only, also terminating at said station, means for transmitting corresponding marking and spacing conditions over said multiplex circuit when marking and spacing conditions are received over the simplex circuit, means for transmitting corresponding marking and spacing conditions over said simplex circuit when marking and spacing conditions are received over said multiplex circuit and means for preventing the repeating of said last marking and spacing conditions back over said multiplex circuit."

The brief for appellants says:

"The most important of the various features of inoperativeness in the Potts disclosure are:

"(1) The use of only one control stop on the sending start disc.

"(2) Jamming and locking of fifth rod in start-stop translator * * *.

"(3) The locking of the translator * * *."

The brief then discusses the features in the order given.

■ In the discussion of the "stop pin" feature nothing was presented which was not presented and fully considered by us

in the consolidated cases (No. 3955, No. 3956, No. 3957, and No. 3958), supra. Our description there given in adjudicating appeal No. 3955 was full and complete. The technicalities were amply explained. The rule of stare decisis applies with respect to this feature.

Neither the second feature, "Jamming and locking of fifth rod in start-stop translator," nor the third feature, "locking of the translator," was specifically named in our decision in the consolidated cases, but generally it was stated:

Various other grounds of inoperability, alleged in appellants' motion and affidavits upon which leave to take testimony was granted, were fully considered by the Patent Office tribunals, and they concurred in finding that, either the device as disclosed was clearly operative, or that, where not clearly operative, one skilled in the art would, upon reading appellee's disclosure, make the device operative without the exercise of the inventive faculty.

"After a careful examination of the record and the briefs of the parties, we are not satisfied that the Board of Appeals erred in holding that appellants' contentions of inoperativeness of appellee's device had not been established, either with respect to the second stop pin hereinbefore discussed, or with respect to any of the other grounds of inoperativeness relied upon by appellants."

From the discussion of the Primary Examiner on Noxon's motion to dissolve interference No. 68,623 (the board entered into no discussion of the technicalities in approving the Primary Examiner's holding), it appears that features 2 and 3 are so interrelated with feature 1 that there is no occasion for their separate consideration upon the question of operativeness. This idea, we think, is fairly deducible from the brief of appellants as well.

In consequence, we are unable to perceive any necessity for here entering into a discussion of the complex technical, or mechanical, elements involved in the system. First and last in these many cases these elements have received painstaking consideration by the expert tribunals of the Patent Office, and their decisions upon the only question stressed here—that of operativeness—have been uniform. Appellants have failed to convince us of error.

Some of the reasons of appeal go to the question of Potts' right to make the counts, but that has not been stressed. It is noted that that question was not raised by any of the grounds recited in the appeal to the board. Hence that tribunal had no occasion to pass upon it independently of the question of operativeness. The reasons directed to this question are overruled, and the decision of the board in appeal No. 4052 is affirmed.

Appeal No. 4053—Interference No. 68,624.

This appeal involves eighteen counts, of which it is deemed sufficient to quote as illustrative count 1: "1. In a telegraph system, a branch station, a main station, simplex transmitting apparatus at the branch station, a multiplex transmitting apparatus and simplex receiving apparatus at said main station, a line connecting said main and branch stations, means for repeating signals from said simplex receiving apparatus to the multiplex apparatus, said latter apparatus completing each cycle of operation in a time not greater than that required to transmit a single character combination of impulses by said simplex transmitting apparatus."

Here, as in interference No. 68,623, supra, the only issue stressed is that respecting the operativeness of the Potts system. It may be said that the Primary Examiner in his decision upon the motion to dissolve (it was allowed as to two counts) discussed at length the question of Potts' right to make such of the counts here involved as were attacked on that ground, and in the appeal to the board no error was alleged as to that part of the examiner's decision. The reasons of appeal covering this point in the appeal to us are overruled.

For the reasons herein stated in the general discussion and in appeal No. 4052, the decision of the board is affirmed.